IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:24cr305-MHT
                            )            (WO)
TAMETRIA CONNER DANTZLER    )
```

ORDER

This case is before the court on defendant Tametria Conner Dantzler's motion to modify a condition of supervised release (Doc. 88). The condition she seeks to modify states: "The defendant shall serve weekends in jail for one year. The defendant will report at 5:00 p.m. on Fridays and will be released at 5:00 p.m. on Sundays." Judgment (Doc. 66) at 5, para. 4. Although she initially indicated that she is not asking the court to eliminate the required jail time, Dantzler later asked the court to replace jail time with home confinement. The basis for her motion was the difficulty and expense of finding childcare for her children while she was serving weekends in jail, given her ex-husband's work schedule.

Having considered the representations and arguments made in the motion, briefs, and reports of the parties; the representations and arguments made at the hearing on September 25, 2025; and the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the court finds that the motion should be granted only to the following extent. Dantzler will be allowed to serve her jail time on the days each week that her ex-husband has his two consecutive days off of work, rather than requiring her to serve each Friday at 5 p.m. to Sunday at 5 p.m. This modification should afford sufficient flexibility to address Dantzler's concerns. The probation officer indicated that he can arrange for her to serve in this way so long as he receives advanced notice of her ex-husband's work schedule. It will be incumbent upon Dantzler to ensure that her probation officer receives her ex-husband's work schedule every three weeks.

As for the concern raised about her children's future medical appointments, Dantzler should reach out to the doctors now and inform them that Fridays will not work for the remainder of her first year of supervision and have any appointments rescheduled. Alternatively, she may wish to prepare her ex-husband to attend the appointments.

In general, the court cannot eliminate or redress all hardships, conflicts, and even substantial inconveniences faced by Dantzler and her family during the period at issue.

Accordingly, it is ORDERED that:

(1) The motion to modify a condition of supervised release (Doc. 88) is granted to the extent explained above, and is otherwise denied.

(2) Special condition of supervised release number 4, *see* Judgment (Doc. 66) at 5, para. 4, is modified as follows: "The defendant shall serve 52 weekends in jail, or an equivalent period of time each week, for one year.

3

The defendant shall work with her ex-husband to ensure that her probation officer receives notice of her ex-husband's work schedule and days off in a prompt manner upon issuance of the work schedule every three weeks.  The defendant will report at 5:00 p.m. on the day designated by her probation officer for her to begin serving time each week and will be released after serving 48 hours."

    DONE, this the 29th day of September, 2025.

                                                 /s/ Myron H. Thompson
                                          UNITED STATES DISTRICT JUDGE