IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:24cr305-MHT
                            )          (WO)
TAMETRIA CONNER DANTZLER    )
```

ORDER

This case is before the court on defendant Tametria Conner Dantzler's motion to modify special conditions of supervised release (Doc. 106), and her supplement to that motion (Doc. 108).  She seeks to terminate the condition that states, in relevant part: "The defendant shall serve 52 weekends in jail, or an equivalent period of time each week, for one year."  Order Modifying Supervised Release Condition (Doc. 102) at 3.  Having considered the representations and arguments made in the motion, briefs, and reports of the parties, and at a hearing on May 18,

2026,* the court finds that the motion should be granted only to the following extent.

The court clarifies that Dantzler's one-year term of intermittent confinement ends on July 2, 2026.  She is to make up--during the weekdays before July 3--any weekends she missed after her period of intermittent confinement began on August 1, 2025.  That is, contrary to the above language ordering her to serve 52 weekends, or an equivalent period (i.e., 104 days) in jail, the court is not counting against her the four weekends between her release from incarceration and her first weekend of intermittent confinement on August 1, 2025, based on the court's understanding that the delay was not her fault.  The motion will be denied in all other respects.

_____

* Defense counsel stated at the hearing that Dantzler is not asking that her sentence be set aside as illegal.

2

As the court has noted previously, it cannot eliminate or redress all hardships, conflicts, and even substantial inconveniences faced by defendant Dantzler. The court recognizes that the sentence is a hardship on Dantzler, but sentences should not be easy, and the sentence the court imposed is substantially better than the original sentencing range of 57 to 71 months. Dantzler would be well advised to recognize the court's lenience and accept her punishment instead of continuing to complain to the court about the difficulty of her significantly reduced sentence.

***

Accordingly, it is ORDERED that:

(1) The motion to modify special conditions of supervised release (Doc. 106) is granted to the extent explained above and is otherwise denied.

(2) Defendant Tametria Conner Dantzler is to make up--during the weekdays before July 3, 2026--any weekends in jail she has missed or in the future misses between

3

August 1, 2025, and her final weekend of intermittent confinement prior to July 3, 2026.

DONE, this the 19th day of May, 2026.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

4